IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| MERCHANTS COMMERCIAL BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL NO. 2010-25 |
| GINGER AGATHA HARVEY, a/k/a | ) | |
| AGATHA HARVEY LOBBAN, | ) | |
| individually an as Trustee of the | ) | |
| Enez Ione Harvey Trust, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to appoint a receiver to collect rental income from the property that is the subject of this debt and foreclosure action. Plaintiff seeks the appointment of a receiver based on provisions of the loan agreement and mortgage that provide for the appointment of a receiver in the event of default and a subsequent foreclosure action. Plaintiff advises the Court that there is a residence situated on the property, that the lower level is rented, and that, upon information and belief, the upper level is unoccupied. Plaintiff maintains that leasing the unoccupied portion of the residence will generate income which could be applied to defendant's debt. In furtherance of this objective, plaintiff asks the Court to "appoint Merchant as the receiver to manage the Property so as to maximize rental income and to maintain the premises in order preserve plaintiff's security interest therein." (Motion to Appoint Receiver, p. 3).

This Court, in *National Investors Pension Ins. Co. v. Bayside Resort, Inc.*, 1984 WL 2849

*Merchant Commercial Bank v. Ginger Agatha Harvey, a/k/a Ginger Harvey Lobban,
individually and as Trustee of the Enez Ione Harvey Trust*
Civil No. 10-25
Order
Page 2 of 3

(D.V.I. 1984), acknowledged that there are cases where a receiver has been appointed in foreclosure actions based solely upon mortgage provisions that provide such as appointment of a receiver. *Id*. *2. However, the Court noted that "the better rule, and the majority rule, is that such a provision is not binding on the court, but should be one of the equities to be considered in making a decision on whether or not to appoint a receiver." *Id.* (citations omitted). The Court further explained that "[t]he appointment of a receiver is an equitable remedy of rather drastic nature available at the discretion of the Court. . . ." *Id.* (quoting *Mintzer v. Arthur L. Wright Co.*, 263 F.2d 823 (3rd Cir. 1959)). In exercising its discretion to appoint a receiver under the majority rule, the Court should consider the following factors: "1) whether the security is adequate to cover the debt, 2) whether the mortgagor is insolvent, 3) whether there exists in the mortgage instrument a pledge of rent and profits to the mortgagee, 4) whether waste has been committed, 5) or whether the security is endangered by nonpayment of taxes." 1984 WL 2849 at *2 (citations omitted).

      Here, plaintiff relies exclusively on the provisions in the loan agreement and mortgage as the basis for the Court to appoint a receiver, and has made no attempt to establish any of the other factors listed above. Because the appointment of a receiver under the circumstances presented here is generally not favored, this Court, like the Court in *National Investors Pension Ins. Co.,* will deny plaintiff's motion without prejudice for failure to address the above-referenced factors.

For the foregoing reasons, plaintiff's motion to appoint a receiver is DENIED without prejudice.

DATED: November 4, 2010          S\_____
                                                RUTH MILLER
                                                United States Magistrate Judge