IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| MERCHANTS COMMERCIAL BANK, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>GINGER AGATHA HARVEY, a/k/a Ginger )<br>Agatha Harvey Lobban, individually and as )<br>Trustee of the Enez Ione Harvey Trust, )<br>)<br>Defendant. ) | Civil No. 2010-25 |

## MEMORANDUM OPINION AND ORDER

Defendant Ginger Agatha Harvey has moved to set aside the defaults entered against her by the Clerk of Court on June 23, 2010 (ECF 5) and on September 20, 2010 (ECF 16), and to allow her to file an answer out of time. Plaintiff did not respond to the motion. Because under Federal Rule of Civil Procedure 55 a court may in its discretion set aside a default, the motion will be granted.

This matter was filed on March 9, 2010, and service was initially made on May 20, 2010. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), responses to the complaint would have been due in June 2010. On June 22, 2010, when a responsive pleading had not been filed, plaintiff requested that default be entered. After default was entered, plaintiff moved to amend the complaint and on August 13, 2010, defendant was served with the First Amended Complaint. Plaintiff again moved for a default, and defendant was defaulted on September 20, 2010. Plaintiff then moved for default judgment. Trial in the matter was scheduled for June 2011. At the scheduled bench trial, plaintiff informed the Court that an additional party needed to be joined for the complete adjudication of this matter. On September 19, 2011, the Court denied the motion for default judgment.

*Merchants Commercial Bank v. Harvey*
Civil No. 2010-25
Page 2

On December 21, 2011, defendant moved to substitute present counsel for her prior counsel, who had never filed an appearance in the case. The motion to substitute was granted the same day.

After no discernible activity had taken place, the Court scheduled a conference on April 10, 2012, to determine the status. A Rule 16 conference was then scheduled for May 22, 2012. On May 23, 2012, plaintiff finally moved to amend the complaint to add the alleged missing party, and to make other allegations. On May 25, 2012, defendant moved to set the default aside and to file an answer out of time.[1]

A court may set aside a default under Federal Rule of Civil Procedure 55 (c) "for good cause:"

> In exercising its discretion to set aside a default, a district court must consider (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense, that is, whether the defendant's allegations, if established at trial, would constitute a complete defense to the action; and (3) whether the default was the result of the defendant's culpable conduct.[2]

Here, unlike in *Dambach*, although the defaults were entered early in the case, defendant did not move until much later to vacate the entry of default. However, almost concurrently with the filing of the motion to vacate, plaintiff has sought to amend the complaint and add an additional party. Since plaintiff contends the case could not proceed without this party, no prejudice has accrued to plaintiff, even after this lengthy span of time. It is unclear what defendant asserts regarding a

---

[1] Concurrently, defendant filed an Answer to the Complaint (ECF 45). No response to the First Amended Complaint has been filed.

[2] *Dambach v. United States*, 211 Fed. Appx. 105, 109 (3d Cir. 2006) (citing *United States v. $ 55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). See also *Miles v. Aramark Corr. Serv.*, 236 Fed. Appx. 746 (3d Cir. 2007).

*Merchants Commercial Bank v. Harvey*
Civil No. 2010-25
Page 3

defense, but the parties have explained that certain transactions and problems with the documents may raise issues as to the ability of plaintiff to foreclose on its mortgage. Finally, the failure to timely answer does not appear to have resulted from any discernible bad faith or other culpable conduct on plaintiff's part, but appears to be based on a lack of action by her initial counsel, of which plaintiff may have been unaware.

In any event, the United States Court of Appeal for the Third Circuit has made it clear that it "does not favor entry of defaults or default judgments. We require doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'"[3] The circumstances presented here do not rise to the type of "extreme" conditions that would warrant refusal to set aside the default. Rather, the parties should be left to resolve their disputes on the merits.

Accordingly, it is hereby ORDERED

1. that the motion is GRANTED;

2. The defaults entered against defendant shall be set aside; and

3. Defendant shall respond to the First Amended Complaint within 10 days of the date of this Order.

**Dated:** July 10, 2012          S\_____
                                   **RUTH MILLER**
                                   United States Magistrate Judge

---

[3] *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984) (citing *Gross v. Stereo Component Systems, Inc*., 700 F.2d 120, 122 (3d Cir. 1983); *Feliciano v. Reliant Tooling Company, Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)). See also *United States v. Mulvenna*, 367 Fed. Appx. 348, 350 (3d Cir. 2010); *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984) ("We reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, National Hockey League, 427 U.S. at 643, and are to be reserved for comparable cases.").