IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

MERCHANTS COMMERCIAL BANK,

                    Plaintiff,

v.

GINGER AGATHA HARVEY a/k/a
GINGER AGATHA HARVEY
LOBBAN, individually and as
Trustee of the Enez Ione
Harvey Trust,

                    Defendants.

CASE NO. 2010-25

**MEMORANDUM OPINION AND ORDER**

Before the Court is Merchants Commercial Bank unopposed motion to amend its First Amended Complaint to: (1) join Linelle Fonseca as an additional party pursuant to Federal Rule of Civil Procedure 20(a), (2) assert a claim for declaratory judgment "related to the description of the mortgaged premises" and (3) revise allegations regarding the description of the real property that is the subject of this action. Motion to Amend, ECF 43, at p. 1.

**A.  FACTUAL AND PROCEDURAL BACKGROUND**

In December 2007, defendants granted Merchants a first priority mortgage over Parcel No. 2 Remainder, Parcel No. 3 Remainder and Combined Parcels No. 2B and 3A, Estate Bellevue, St. Thomas, Virgin Islands (collectively, "the Parcels"), as security for a loan. (First Amended Complaint, ECF 7, at ¶¶ 8, 10).  Defendants defaulted on the loan, and on March 9, 2010, Merchants filed this action seeking to

foreclose its mortgage on the Parcels.  First Amended Complaint at ¶¶ 21, 36 and Motion to Amend at ¶ 1.

In 2001, unbeknownst to Merchants, the Enez Ione Harvey Trust executed an Exchange Deed with the owner of neighboring Parcel No. 5, Gaylord Sprauve, "whereby the Trust exchanged 0.065 acres . . . of Parcel No. 3 Rem. (dubbed Parcel No. 3A) for 0.065 acres of Parcel No. 5 (dubbed Parcel No. 5A)."  Proposed Second Amended Complaint, ECF 43-9, Exhibit G and First Amended Complaint at ¶ 13.  In addition to creating a new Parcel No. 3A, "the original Parcel No. 3A and the rest of 3 Rem. were combined into a new Parcel No. 3. . . . Likewise, Parcel No. 2B and Parcel No. 2 Rem. were combined into a new Parcel No. 2." First Amended Complaint at ¶ 14.

On April 29, 2011, Fonseca brought suit in the Superior Court of the Virgin Islands against defendants seeking specific performance of an agreement to convey Parcels No. 5A and 3 Remainder. Motion to Amend at ¶¶ 7, 14.  In that action, Fonseca alleges that defendants contracted to sell her Parcel No. 3 Remainder and Parcel 5A, and that she has performed all her obligations under the Contract of Sale, but defendants breached the contract.  On May 3, 2011, Fonseca recorded a *lis pendens* against the "subject property." Motion to Amend at ¶ 7.

On June 6, 2011, trial commenced in this action, and Merchants advised the Court of Fonseca's pending action in the Superior Court.

*Merchants Commercial Bank v. Harvey, et al.*
Civil No. 2010-25
Page 3 of 6

According to Merchants, "the Court concluded that the trial could not proceed without Fonseca participating in the proceeding." *Id*. at ¶ 9.

## B. LEGAL STANDARD – RULE 15(a)

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint should be freely given when justice so requires. Fed. R. Civ. P. 15(a).  However,

> [w]hile Rule 15(a) provides that leave to amend should be "freely given," a district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party.

*Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Futility" denotes that "the complaint, as amended, would fail to state a claim upon which relief may be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

## C. DISCUSSION

Merchants moves to add Fonseca as an "involuntary declaratory judgment plaintiff," pursuant to Rule 20(a)[1], in its cause of action for declaratory relief.  There, Merchants seeks "a declaration of

---

[1]  Rule 20(a)(1) provides that "[p]ersons may join in one action as plaintiffs if:

> (A)  they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B)  any question of law or fact common to all plaintiffs will arise in the action.

*Merchants Commercial Bank v. Harvey, et al.*
Civil No. 2010-25
Page 4 of 6

their [Merchants' and Fonseca's] rights and obligations under the Mortgage by virtue of the facts, conditions, and circumstances" regarding the Parcels.  Proposed Second Amended Complaint, ECF 43-2, ¶ 62.

Rule 20(a)(1)(A) provides that persons may be joined in an action as plaintiffs if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising from the same transaction, occurrence or series of transactions or occurrences." Even if the Court were to concede that Merchants and Fonseca are asserting an alternative right to relief in the action for declaratory relief, their right to relief do not arise from the same transaction, occurrence or series of transactions or occurrences. Merchants right to relief is based upon its first priority mortgage granted in December 2007, and Fonseca's right to relief is based upon the alleged breach of a July 2010 Contract of Sale.  Therefore, it cannot be said that Merchants' and Fonseca's right to relief arise from the same transaction, occurrence or series of transactions or occurrences.  Accordingly, the first requirement under Rule 20(a)(1) has not been met; therefore, Fonseca cannot be joined as a plaintiff pursuant to Rule 20(a)(1).[2]

---

[2]  The requirements of both subparagraphs(A)and(B)of Rule 20(a)(1) must be met to join a person as a plaintiff.  See *Mesa Computer Utilities, Inc. v. Western Union Computers Utilities, Inc.*, 67 F.R.D. 634, 636 (D. Del. 1975).

*Merchants Commercial Bank v. Harvey, et al.*
Civil No. 2010-25
Page 5 of 6

Fonseca may, however, be joined in this action as a plaintiff under Rule 19(a).[3]  Joinder of Fonseca as a plaintiff does not deprive the Court of subject matter jurisdiction, and Fonseca claims an interest in Parcels No. 5A and 3 Remainder, parcels which may be subject to Merchants' December 2007 mortgage, such that disposing of this action in her absence may as a practical matter impair or impede her ability to protect her putative interest in these parcels.

Plaintiff has also satisfied the requirements of Rule 15(a) to be entitled to amend the complaint.

**D. CONCLUSION**

The premises considered, it is hereby

ORDERED that Merchants' motion is GRANTED; it is further

---

[3]  Rule 19(a) provides:
 (1) A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
  (A) in that person's absence, the court cannot accord complete relief among existing parties; or
  (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
   (i) as a practical matter impair or impede the person's ability to protect the interest; or
   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
 (2) *Joinder by Court Order.* If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
 (3) *Venue.* If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

*Merchants Commercial Bank v. Harvey, et al.*
Civil No. 2010-25
Page 6 of 6

ORDERED that the complaint shall be referred to as the Second Amended Complaint; it is further

ORDERED that Merchants shall file the Second Amended Complaint within five days of the date of this Order; and it further

ORDERED that Merchants shall cause the Second Amended Complaint to be served upon Linelle Fonseca.

                    S_____
                         RUTH MILLER
                         United States Magistrate Judge