```
                 DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN
```

MERCHANTS COMMERCIAL BANK,        )
                                  )
            Plaintiff,            )
                                  )
        and                       )    Civil No. 2010-25
                                  )
LINELLE FONSECA                   )
                                  )
            Involuntary           )
            Declaratory Judgment  )
            Plaintiff,            )
                                  )
            v.                    )
                                  )
GINGER AGATHA HARVEY, a/k/a       )
Ginger Agatha Harvey Lobban,      )
individually and as Trustee of    )
the Enez Ione Harvey Trust,       )
                                  )
            Defendant.            )
                                  )

ATTORNEYS:

**A. Jennings Stone, Esq.**
Bolt Nagi PC
**Matthew J. Duensing, Esq.**
Stryker, Duensing, Caner & Dollison
St. Thomas, U.S.V.I.
    *For Merchants Commercial Bank.*

**Robert L. King, Esq.**
Birch, Dejongh & Hindels
St. Thomas, U.S.V.I.
    *For Linelle Fonseca.*

**Clive Claudius Rivers, Esq.**
Law Offices of Clive Rivers
St. Thomas, U.S.V.I.
    *For Ginger Agatha Harvey.*

## JUDGMENT

**GÓMEZ, C.J.**

Merchants Commercial Bank ("Merchants") initiated this debt and foreclosure action against Ginger Agatha Harvey ("Harvey"), individually and as Trustee of the Enez Ione Harvey Trust ("the Trust") on March 9, 2010. Subsequently, Merchants added Linelle Fonseca ("Fonseca") as an involuntary plaintiff.

On April 23, 2013, Merchants, Harvey, and Fonseca ("the parties") participated in mediation proceedings before Judge Stanley S. Brotman. During the mediation proceedings, the parties reached a verbal settlement agreement. Counsel for Harvey (Attorney Clive C. Rivers), counsel for Fonseca (Attorney Robert L. King), and counsel for Merchants (Attorney Lisa M. Komives) recited the terms of the agreement on the record:

> **MR. RIVERS**: . . . . First of all, your Honor, all the parties have resolved all of the issues. They have agreed that defendant Ginger Harvey and the Enez Ione Harvey Trust will accept a consent judgment against her for $555,000 in favor of Merchants Bank. Merchants Bank will stay the execution of the Judgment for 180 days interest free. If Harvey cannot pay the Judgment at the end of the 180 days but have [sic] shown significant progress toward a closing date, the bank will stay the enforcement for another 30 days. However, during that 30 days, interest will occur [sic] at 4 percent. If Harvey is still unable to satisfy the Judgement [sic], she will execute a deed in lieu of foreclosure on all of the mortgaged properties.

> The parties also agree that within 60 days of today's date Fonseca shall be given a deed for Parcels No. 3 Remainder and No. 5A Estate Frenchman's Bay for a balance payment of $75,000. The balance payment of $75,000 at closing will be paid to Merchants Bank and such payment should serve to reduce the judgment of the $555,000.
>
> The parties would circulate the Consent Judgment and have it executed and filed with the Court. At the end of the closing with Fonseca a dismissal will be filed with the Court on this matter.

(Apr. 23, 2013, Mediation, Tr. 4-5.) Counsel then clarified some terms of the settlement agreement:

> **MR. KING**: There is something additional, your Honor.
>
> With respect to the expenses of the closing, the original contract of sale that was entered on June 30, 2010, shall be in effect and with the seller's obligations as set out in that contract and the purchaser's obligations as set out in that contract except the following:
>
> With respect to the transfer taxes, the transfer taxes shall be borne equally by seller and purchaser, which means each shall pay 50 percent of the transfer taxes on the deed.
>
> In all other respects the provision for expenses contained in that contract shall remain in force and effect.
>
> **THE COURT**: Any objection to that?
>
> **MR. RIVERS**: No objection, your Honor.
>
> **THE COURT**: All right. Now, are you all finished, Clive?
>
> **MR. RIVERS**: Yes, we are finished, your Honor.
>
> **THE COURT**: You are? Let me go around and direct some questions to your client.

> **MS. KOMIVES**: Your Honor, I would like to clarify one thing on the record, please.
>
> The Deed In Lieu of Foreclosure will be executed at the time the Consent Judgment is executed and will be held in escrow during the duration of the Consent Judgment.
>
> **THE COURT**: All right.
>
> **MS. KOMIVES**: Thank you.

(*Id.* at 5-6.)

Judge Brotman then ensured that each of the parties was satisfied with the agreement and that they understood that the settlement would end the litigation:

> **THE COURT**: Now, everyone has heard everyone talk and place upon the record various things.
>
> Now, Mr. King, what has been placed on the record, is that the agreement?
>
> **MR. KING**: That is in fact the agreement that has been entered into by the parties. I have beside me Linelle Fonseca who is actually the person in interest who will state her agreement onto what has been stated.
>
> **THE COURT**: All right. Let me have her -- you've heard the statements made as to the settlement, do you understand the terms of the settlement?
>
> **MS. FONSECA**: Yes, I do.
>
> **THE COURT**: Were they, as placed on the table, as you have directed your counsel accordingly?
>
> **MS. FONSECA**: Yes.
>
> **THE COURT**: Let's go next to Clive, your client.
>
> **MR. RIVERS**: Ms. Harvey.

*Merchants Commercial Bank v. Harvey*
Civil No. 2010-25
Judgment
Page 5

>**THE COURT**: Your name is what?
>
>**MS. HARVEY**: Ginger Harvey.
>
>**THE COURT**: You've heard the statements made by counsel as to the settlement in this case, is that correct?
>
>**MS. HARVEY**: Yes, I have.
>
>**THE COURT**: You have agreed to them?
>
>**MS. HARVEY**: Yes, I have.
>
>**THE COURT**: And they represent the terms of agreement in this case to your best -- as you determine it?
>
>**MS. HARVEY**: Yes, sir.
>
>**THE COURT**: And are you satisfied with the representation that has been made by counsel?
>
>**MS. HARVEY**: Yes, I'm satisfied.
>
>**THE COURT**: Do you have anything you want to add at this time?
>
>**MS. HARVEY**: No, just that I'll try my best.
>
>**THE COURT**: Thank you very, very much.
>
>**MS. HARVEY**: Thank you.
>
>. . . .
>
>**MS. KOMIVES**: The terms of the settlement that were placed on the record, it's the understanding of Merchants Commercial Bank as to the settlement.
>
>**THE COURT**: So we are all agreed now this case is settled?
>
>**MS. KOMIVES**: Yes.
>
>**MR. RIVERS**: Yes.
>
>**MR. KING**: Yes.

*Merchants Commercial Bank v. Harvey*
Civil No. 2010-25
Judgment
Page 6

> **THE COURT**: Anyone want say anything to the contrary?
>
> **MR. KING**: No, your Honor.
>
> **THE COURT**: All right. We thank you all very much. . . .

(*Id.* at 6-8.)

In the Third Circuit, "[a]n agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970); *see also Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 436 (3d Cir. 2005). "Settlement agreements are encouraged as a matter of public policy because they promote the amicable resolution of disputes and lighten the increasing load of litigation faced by courts." *D.R. ex rel. M.R. v. East Brunswick Bd. of Educ.*, 109 F.3d 896, 901 (3d Cir. 1997). In the Virgin Islands, counsel may enter into a settlement agreement on his client's behalf when he has actual or apparent authority to do so. *See Edwards v. Born, Inc.*, 792 F.2d 387, 389-90 (3d Cir. 1986).

The construction and enforcement of settlement agreements are governed by principles of local law applicable to contracts generally. *See, e.g., Vargo v. Mangus*, 94 Fed. App'x 941, 943 (3d Cir. 2004); *N.Y. State Elec. & Gas Corp. v. Fed. Energy*

*Regulatory Comm'n*, 875 F.2d 43, 45 (3d Cir. 1989); *Christian v. All Persons Claiming any Right, Title or Interest in Newfound Bay*, 139 F. Supp. 2d 679, 685 (D.V.I. 2001). The local law generally applicable to contracts in the Virgin Islands is the Restatement (Second) of Contracts. *Ventura v. Pearson*, Civ. No. 60-1980, 1980 V.I. LEXIS 88, at *111 n.2 (Terr. Ct. July 31, 1980) (citing V.I. CODE ANN. tit. 1, § 4).

The essential prerequisites for the creation of a valid contract is "a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." Restatement (Second) of Contracts § 17 (1979). Consideration requires a performance or a return promise that has been bargained for. *Id*. Where there is no mutual assent or no meeting of the minds, there is no contract. *James v. Fitzpatrick*, 25 V.I. 124, 127 (Terr. Ct. 1990).

"The parties' objective manifestations control in deciding whether they formed a contract by mutual assent." *HSM Constr. Servs., Inc. v. MDC Sys., Inc.*, 239 Fed. App'x 748, 751 (3d Cir. 2007). Manifestations of assent may be made through either words or conduct. *See* Restatement (Second) of Contracts § 18, 19 (1979). The beginning or tender of performance may also operate as a manifestation of assent. Restatement (Second) of Contracts § 18 cmt. b (1979).

In *Nicholas v. Wyndham Int'l, Inc.*, Civil No. 2001-147 (CVG), 2007 U.S. Dist. LEXIS 91829 (D.V.I. Nov. 20, 2007), this Court entered judgment on a settlement agreement where the parties had recited the essential terms of the agreement before the Court. *Id.* at *13. After the recitation, the defendants refused to sign a written settlement agreement. *Id.* at *8. This Court held that the recitations of the parties were binding and covered all essential terms. *Id.* at *6-13. Accordingly, this Court entered a judgment approving the settlement agreement. *Id.* at *21.

Here, based on the settlement agreement, the Court finds that the parties agreed to the following essential terms:

1. The parties reached a resolution.

2. Harvey agreed to pay a total of $555,000, interest free, to Merchants within 180 days of the settlement agreement.

3. If Harvey failed to comply with the previous term, but had made significant progress toward compliance, Harvey would have 30 additional days to pay the balance, plus 4 percent interest, to Merchants.

4. If Harvey failed to pay the total amount still due at the end of that 30 day period, Harvey would execute a deed in lieu of foreclosure on the mortgaged properties.

5. Within 60 days of the settlement agreement, Harvey would give Fonseca a deed for Parcels No. 3 Remainder and No. 5A Estate Frenchman's Bay. In exchange, Fonseca would pay $75,000 to Merchants in satisfaction of a portion of Harvey's $555,000 to Merchants.

(Apr. 23, 2013, Mediation Tr.)

*Merchants Commercial Bank v. Harvey*
Civil No. 2010-25
Judgment
Page 9

The parties personally accepted and agreed to the terms of the settlement on the record. The parties' oral acceptance evidences the parties' meeting of the minds and mutual assent to those terms. *See, e.g.*, *Tracy v. Kimberly-Clark Cop.*, 74 Fed. App'x 44, 47 (Fed. Cir. 2003) ("A meeting of the minds between the parties occurs where there has been assent to all the essential terms and conditions."); *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 756 (8th Cir. 1996) ("To be enforceable, a settlement agreement must be based upon a meeting of the minds on the essential terms of the agreement.") (citation and internal quotation marks omitted).

Moreover, the agreement was supported by consideration on all sides, as the resolution of the dispute was tied, in part, to Harvey's obligation to make payments. *See, e.g.*, *Channel Home Ctrs., Div. of Grace Retail Corp. v. Grossman*, 795 F.2d 291, 299 (3d Cir. 1986) (noting that "of course, there must be consideration on both sides . . . for enforceability of a[] [settlement] agreement") (applying Pennsylvania law); *Shernoff v. Hewlett-Packard Co.*, No. 04-4390 (JAP), 2006 U.S. Dist. LEXIS 87518 at *7 (D.N.J. Dec. 4, 2006) ("Plaintiff and Defendant agreed to the essential terms of the settlement, namely, that Plaintiff would forego her claims against Defendant and

surrender her options to purchase HP stock in return for a payment of $37,500.").

Here, like in *Wyndham*, the essential terms of the settlement agreement were recited on the record. All parties agreed to those terms. As such, a judgment approving the settlement agreement will be entered.

The premises considered, it is hereby

**ORDERED** that the parties' settlement agreement is **APPROVED**; it is further

**ORDERED** that the parties shall comply with the terms of the settlement agreement; it is further

**ORDERED** that the trial setting in this matter is **VACATED**; it is further

**ORDERED** that this case is **DISMISSED**; it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case; and it is further

**ORDERED** that the Court shall retain jurisdiction over this matter for 90 days from the date of this Judgment to enforce the settlement agreement.

S\_____
Curtis V. Gómez
**Chief Judge**